# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON DAMIEN BENAVIDEZ, | CASE NO. 1:11-cv-01824-GBC (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| T. DUVALL, et al, | (Doc. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

/

## I.  Procedural History

Leon Damien Benavidez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983.  On November 1, 2011, Plaintiff filed the complaint which is presently before this Court.  Doc. 1.

## II.  Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

### III.     Plaintiff's Complaint

Plaintiff is currently a state prisoner at the California Men's Colony (CMC) in San Luis Obispo, California. The events central to Plaintiff's complaint occurred while he was at prisoner at Avenal State Prison (ASP) in Avenal, California. Doc. 1. In the complaint, Plaintiff names the following defendants: 1) T. Duvall (Lieutenant at ASP); and 2) H. Allison (Appeals Coordinator at ASP). Doc. 1 at 2. Plaintiff seeks monetary relief. Doc. 1 at 3.

Plaintiff alleges that on January 3, 2011, Plaintiff was forced to defend himself. Doc. 1 at 3. After speaking to the facility program sergeant, Plaintiff was returned to regular house while inmate Garcia, who has a history of causing trouble, was placed in administrative segregation (Ad-Seg). Doc. 1 at 3. Plaintiff received a Rule Violation Report (RVR) for fighting which resulted in inmate Garcia suffering from a fracture and the following night, Plaintiff was detained. Doc. 1 at 3. Plaintiff gave a statement that he was not the cause of inmate Garcia's fracture and that inmate Garcia must have fell. Doc. 1 at 3. Inmate Pena also gave testimony corroborating inmate Garcia's account. Doc. 1 at 4. On February 1, 2011, a hearing took place regarding the January 3, 2011, incident. Doc. 1 at 4. The hearing officer, Defendant Duvall, found Plaintiff guilty based on the "preponderance of the evidence." Doc. 1 at 4. Plaintiff argued that according to Garcia's testimony, it was only after the officers ordered inmates to get down that Garcia slipped, collided with a metal table which caused the fracture. Doc. 1 at 4. After appealing the case on March 24, 2011, Defendant

Allison approached Plaintiff and said that he would talk to Defendant Duvall and then give Plaintiff a response. Doc. 1 at 4. On March 14, 2011, Plaintiff's appeal was denied. Doc. 1 at 4-5

**IV.   Applicable Law and Analysis**

   **A.   Fourteenth Amendment Due Process Deprivation of Liberty**

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Austin*, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue. *Id.* at 221-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995)). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Austin*, 545 U.S. at 221 (citing *Sandin*, 515 U.S. at 484); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

   **1.   Analysis**

Plaintiff states that he was unjustly detained in the secure housing unit as punishment following a hearing for a rules violation. Plaintiff has not shown that he was denied the minimal protections he was due under federal law. *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974); *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), *abrogated on other grounds by Sandin*, 515 U.S. 472. Although Plaintiff states he was wrongly charged with the higher penalty RVR, the Constitution requires only that there be some evidence to support the conviction and the standard is not stringent. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). Here, Plaintiff's argument that an inmate testified that his fracture was from falling and not from fighting with Plaintiff does not negate that there was some minimal evidence supporting his placement in the SHU and the length of the SHU sentence, and Plaintiff's disagreement with hearing officer's weight and credibility assessments will not support a federal claim. *Id.* Accordingly, the Court finds that Plaintiff's placement in the SHU fails

1 to state a cognizable § 1983 due process claim.

2

3     **V.**     **Conclusions and Order**

4     Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

    Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed November 1, 2011, is dismissed for failure to state a claim upon which relief may be granted;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   October 26, 2012

UNITED STATES MAGISTRATE JUDGE